## JOE GARROLD *v.* THE STATE.

NEW TRIAL — CONTINUANCE — EVIDENCE.— In a trial for horse-theft the only material evidence inculpatory of the defendant was that of one S., which was contradicted in some particulars by his own testimony at the examining trial, and which, moreover, showed knowledge if not complicity on his part, and a motive to convict the defendant. Defendant had been refused a continuance asked for the purpose of procuring certain *alibi* testimony commensurate with and contradictory of the evidence of S. *Held,* that on this state of case the defendant's motion for a new trial should have been granted.

APPEAL from the District Court of Dimmitt. Tried below before the Hon. D. P. MARR.

The indictment charged that the appellant, on March 1, 1881, did fraudulently and feloniously steal, take and carry away from the possession of S. V. W. Jones and E. H. Carll, constituting the firm of Jones & Carll, three certain horses, the property of said firm, without the consent of them or either of them. The appellant was found guilty, and a term of seven years in the penitentiary was assessed as his punishment.

R. H. Pane, for the State, testified that he was the foreman of Jones & Carll at their sheep-ranche in Dimmitt county. The horses in question were taken from their accustomed range near the ranche. The witness proved the ownership and description of the horses, but stated no circumstance tending to connect appellant with them

other than the fact that he was in the neighborhood several times before they disappeared, and was not seen there by the witness after they disappeared.

S. V. W. Jones, one of the owners, testified that neither he nor his partner gave consent to the taking of the horses, but agreed to give Sprinkles, the principal witness for the State, ten dollars to recover them.

James Sprinkles, for the State, testified that, about the day alleged in the indictment, he and Bob Wood, George McCarty, and the appellant were at Wood's place on the Pendencia, in Dimmitt county. Appellant, talking to the others, said he intended to take that night three of Jones & Carll's horses they had that day seen on the prairie near Jones & Carll's ranche in Dimmitt county. Witness supposed that the appellant knew the horses to be the property of Jones & Carll, as well as witness himself did. Mr. Carll offered witness ten dollars to get the horses back, and the next time witness saw the appellant he had a talk with him and told him that he, witness, wanted the horses; but the appellant refused to give them up, and said he would kill them first and cut out the brands on them. This was at Dick Horn's ranche on the Sabinal, where witness had stopped on his way to attend the District Court of Medina county at Castroville. The horses were then near Horn's ranche. Witness did not get them because the appellant would not give them up, and said he had bought them from Bob Wood.

On his cross-examination Sprinkles could not say whether he was going to or returning from Castroville when he had this talk with the appellant at Horn's, nor whether it occurred on the first or a second trip he made to Castroville to attend the court there. Subsequently the witness was arrested, and some time afterwards Sergeant McKinney of the Rangers proposed to him to give testimony in this case and others, "and told me," said the witness, "if I would do so they would see me through,

and I agreed with him to give the boys away if they would do it. I do not know if there are any indictments against me; I have not been in arrest since. When I made the agreement with Sergeant McKinney of the Rangers, I was under arrest by the Rangers. They agreed to see me through if I would give the boys away, and when I testified before the examining court told me I could go." The witness thought that his arrest was on the charge of stealing Ed. English's cows. He did not tell either Jones or Carll about his talk with appellant at Horn's, nor tell it until he made the agreement with the Rangers to give the boys away, because he was afraid he would be killed. The first time he told about the previous conversation at Wood's ranche was at the examining trial in this case. No one else was present when he and appellant had the talk at Horn's. At Wood's, when the talk there was going on between Wood, McCarty and the appellant, witness said nothing, and did not know that the appellant took the horses.

The defense introduced the deposition of Sprinkles at the examining trial of the appellant. In a number of circumstances it was inconsistent with his testimony at the trial. Appellant had applied for a continuance to obtain the attendance of several persons by whom, he alleged, he could prove facts which would have established an *alibi* in his behalf. This application was overruled, and the ruling was relied on as one of the causes in support of the motion for a new trial.

No brief for the appellant.

*H. Chilton,* Assistant Attorney General, for the State.

WHITE, P. J. Garrold was indicted for the theft of horse property belonging to Jones & Carll, who had a sheep ranche on the Pendencia in Dimmitt county.

One Sprinkles was the only witness who connected the

defendant in any manner with the theft by direct and positive testimony. This witness had first given evidence in the case on the examining trial, and the testimony so given had been reduced to writing. Taking this written testimony as a guide to what the witness Sprinkles would swear on the final trial, defendant applied for a continuance on account of the absence of certain witnesses for whom he had taken out process, with diligence, after his arrest, and by whom he proposed to prove an *alibi* covering the entire time as stated by the witness at the examining trial. This application was overruled.

On the trial, in addition to the fact that the defense contradicted Sprinkles's evidence by the testimony he had given at the examining trial, in several material particulars, his trial-evidence lacks the impress of honesty and good faith, when we consider the fact, which he states, that Carll had employed him to get the horses after they were missing, and yet, after he had found them in defendant's possession, he never disclosed the information to Carll or any one else until at the examining trial; and he states his reasons for testifying then to be that, after he himself was arrested, "Sergeant McKinney of the Rangers proposed to me to give testimony in this case and others, and told me if I would do so they would see me through, and I agreed to give the boys away if they would do it."

Whether he was an accomplice or *particeps criminis* in legal parlance is immaterial in view of the attendant circumstances. His own evidence places him in such a questionable attitude as that we are not willing to sustain a conviction based solely upon his testimony, and without any evidence tending to corroborate it further than that of the witness Pane, who testified that he had seen defendant on the Pendencia several times before the horses were taken, and had not seen him after they were taken, until his arrest. In view of the evidence adduced on the

trial, and considered in connection with the overruled application for a continuance, we are of opinion the court should have granted defendant's motion for a new trial. (Code Crim. Proc. art. 560.)

The judgment is reversed and the cause remanded.

*Reversed and remanded.*